## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LAURA SEIDL, individually, derivatively and on behalf of all others similarly situated,

        Plaintiff,

vs.

AMERICAN CENTURY COMPANIES, INC., AMERICAN CENTURY INVESTMENT MANAGEMENT, INC., JAMES E. STOWERS, JR., JAMES E. STOWERS, III, JONATHAN S. THOMAS, THOMAS A. BROWN, ANDREA C. HALL, DONALD H. PRATT, GALE A. SAYERS, M. JEANNINE STRANDJORD, TIMOTHY S. WEBSTER, WILLIAM M. LYONS, MARK MALLON, WADE SLOME, BRUCE WIMBERLY and JERRY SULLIVAN,

        Defendants.

      and

AMERICAN CENTURY MUTUAL FUNDS, INC., doing business as AMERICAN CENTURY ULTRA FUND,

Nominal Defendant.

INDEX No. 08-CV-8857 (DLC) (DFE)
ECF Case

**ANSWER TO AMENDED COMPLAINT**

Defendants Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, M. Jeannine Strandjord, Timothy S. Webster, and Nominal Defendant American Century Mutual Funds, Inc. ("AMCF" or the "Nominal Defendant"), doing business as American Century Ultra Fund (collectively, "Defendants"), by their attorneys, Sutherland Asbill & Brennan LLP, file this Answer to the claims asserted in Plaintiff's Amended Verified Class Action and Derivative Complaint, with each paragraph number referring to the paragraph in the complaint bearing the same number as follows:

    **1.**     Defendants deny the allegations in this paragraph.

    **2.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**3.**     Defendants deny the allegations in this paragraph.

**4.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required, but to the extent that a response is required, deny the allegations of this paragraph.

**5.**     Defendants deny the allegations in this paragraph.

**6.**     Defendants admit that Plaintiff has asserted such claims, but denies the merits thereof.

**7.**     Defendants deny the allegations in this paragraph.

**8.**     Defendants state that the first sentence of this paragraph consists solely of legal conclusions to which no responsive pleading is required.  As to the remainder of this paragraph, Defendants deny the allegations in this paragraph.

**9.**     Defendants admit that Plaintiff has named ACMF as a nominal defendant and has asserted derivative claims on behalf of ACMF, but otherwise deny the allegations of this paragraph.

**10.**     Defendants admit that Plaintiff has brought this action as a putative class action, but otherwise deny the allegations in this paragraph.

**11.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**12.**     Defendants admit that Plaintiff purportedly seeks to sue derivatively on behalf of ACMF, but deny that she has met the requirements necessary to do so.

**13.**     Defendants admit that Plaintiff seeks to represent a class, but denies that she has met the necessary legal requirements to do so.

**14.**     Defendants admit the allegations in this paragraph.

15.    Defendants admit the allegations in this paragraph insofar as they pertain to ACMF, and Defendants otherwise deny having knowledge of information sufficient to form a belief as to the truthfulness of the allegations in this paragraph as they may pertain to other "series mutual funds."

16.    Defendants admit the allegations in the first sentence of this paragraph and deny the allegations in the second and third sentences of this paragraph, except admit that ACMF has a single board of directors.

17.    Defendants deny the allegations in this paragraph.

18.    Defendants admit the allegations in this paragraph.

19.    Defendants admit that the Ultra Fund does not have a board of directors separate from the board of ACMF, but otherwise deny the allegations in this paragraph.

20.    Defendants admit the allegations in this paragraph.

21.    Defendants deny the allegations in this paragraph, except admit that ACIM is the investment adviser for the Fund.

22.    Defendants deny the allegations in this paragraph, except admit that James E. Stowers, Jr. ("Stowers") is a director of ACIM.

23.    Defendants deny the allegations in this paragraph.

24.    Defendants deny the allegations in this paragraph, except admit that Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, and M. Jeannine Strandjord are current members of the board of directors of the Nominal Defendant, and that Timothy S. Webster is a former member of the board of directors of the Nominal Defendant.

25.    Defendants deny the allegations in this paragraph.

26.    Defendants deny the allegations in this paragraph.

**27.**    Defendants deny the allegations in this paragraph.

**28.**    Defendants deny the allegations of this paragraph, but admit that among the individual defendants, some are citizens of the states of Missouri, Kansas and Illinois.

**29.**    Defendants state that the first and second sentences of this paragraph consist solely of legal conclusions to which no responsive pleading is required, deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations concerning plaintiff's citizenship and, on that basis, deny same, and admit that none of Defendants are citizens of New York.

**30.**    Defendants deny the allegations in this paragraph.

**31.**    Defendants deny the allegations in this paragraph.

**32.**    Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required.

**33.**    Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**34.**    Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**35.**    Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**36.**    Defendants deny the allegations in this paragraph.

**37.**    Defendants deny the allegations in this paragraph.

**38.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**39.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**40.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**41.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**42.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**43.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**44.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**45.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**46.**     Defendants deny the allegations in this paragraph.

**47.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**48.**     Defendants deny the allegations in this paragraph.

**49.**     Defendants deny the allegations in this paragraph.

50.     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

51.     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

52.     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

53.     Defendants deny the allegations in this paragraph.

54.     Defendants deny the allegations in this paragraph.

55.     Defendants deny the allegations in this paragraph.

56.     Defendants admit the allegations in this paragraph.

57.     Defendants deny the allegations in this paragraph.

58.     Defendants deny the allegations in this paragraph.

59.     Defendants deny the allegations in this paragraph.

60.     Defendants deny the allegations in this paragraph.

61.     Defendants deny the allegations in this paragraph insofar as they pertain to Defendants; otherwise, Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

62.     Defendants deny the allegations in this paragraph.

63.     Defendants deny the allegations in this paragraph.

64.     Defendants deny the allegations in this paragraph.

**65.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**66.**     Defendants deny the allegations in this paragraph.

**67.**     Defendants deny the allegations in this paragraph.

**68.**     Defendants deny the allegations in this paragraph.

     **(a)**     Defendants deny the allegations in this paragraph.

     **(b)**     Defendants deny the allegations in this paragraph.

**69.**     Defendants deny the allegations in this paragraph.

**70.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**71.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**72.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**73.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**74.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**75.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

**76.**     Defendants deny the allegations in this paragraph.

**77.**     Defendants deny the allegations in this paragraph.

**78.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**79.**     Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph and, on that basis, deny same.

**80.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required.

**81.**     Defendants admit that Plaintiff has not made any effort to obtain from the Nominal Defendant's board of directors any action with respect to the claims asserted in the Amended Complaint.  As to the remainder of this paragraph, Defendants deny the allegations in this paragraph.

        **(a)**     Defendants deny the allegations in this paragraph.

        **(b)**     Defendants deny the allegations in this paragraph.

**82.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required.

**83.**     Defendants deny the allegations in this paragraph.

**84.**     Defendants deny the allegations in this paragraph.

**85.**     Defendants deny the allegations in this paragraph.

86.     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

87.     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

88.     Defendants deny the allegations in this paragraph.

89.     Defendants deny the allegations in this paragraph.

90.     Defendants deny the allegations in this paragraph.

91.     Defendants deny the allegations in this paragraph.

92.     Defendants deny the allegations in this paragraph.

93.     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

94.     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required; to the extent that this paragraph contains factual allegations, Defendants deny such allegations.

95.     Defendants admit that Plaintiff seeks to represent a class, but denies that she has met the necessary legal requirements to do so.

96.     Defendants admit the allegations in this paragraph solely as they pertain to the purported class alleged in the complaint.

97.     Defendants deny the allegations in this paragraph.

      (a)     Defendants deny the allegations in this paragraph.

      (b)     Defendants deny the allegations in this paragraph.

        **(i)**      Defendants deny the allegations in this paragraph.

        **(ii)**     Defendants deny the allegations in this paragraph.

        **(iii)**    Defendants deny the allegations in this paragraph.

        **(iv)**    Defendants deny the allegations in this paragraph.

        **(v)**     Defendants deny the allegations in this paragraph.

    **(c)**     Defendants deny the allegations in this paragraph.

    **(d)**     Defendants deny the allegations in this paragraph.

**98.**    Defendants deny the allegations in this paragraph.

    **(a)**     Defendants deny the allegations in this paragraph.

        **(i)**      Defendants deny the allegations in this paragraph.

        **(ii)**     Defendants deny the allegations in this paragraph.

        **(iii)**    Defendants deny the allegations in this paragraph.

        **(iv)**    Defendants deny the allegations in this paragraph.

**FIRST CLAIM FOR RELIEF**
**(INDIVIDUAL AND CLASS CLAIMS)**
**(CIVIL RICO, 18 U.S.C. § 1962(C))**

**99.**    Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

**100.**    Defendants admit that Plaintiff has asserted such claims, but denies the merits thereof.

**101.**    Defendants deny the allegations in this paragraph.

**102.**    Defendants deny the allegations in this paragraph.

**103.**    Defendants deny the allegations in this paragraph.

**104.**    Defendants deny the allegations in this paragraph.

**105.**     Defendants deny the allegations in this paragraph.

**SECOND CLAIM FOR RELIEF**
**(INDIVIDUAL AND CLASS CLAIMS)**
**(CIVIL RICO, 18 U.S.C. § 1962(D))**

**106.**     Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

**107.**     Defendants admit that Plaintiff has asserted such claims, but denies the merits thereof.

**108.**     Defendants deny the allegations in this paragraph.

**109.**     Defendants deny the allegations in this paragraph.

**110.**     Defendants deny the allegations in this paragraph.

**THIRD CLAIM FOR RELIEF**
**(INDIVIDUAL AND CLASS CLAIMS)**
**(BREACH OF FIDUCIARY DUTY)**

**111.**     Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

**112.**     Defendants admit that Plaintiff has asserted such claims, but denies the merits thereof.

**113.**     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required.

**114.**     Defendants deny the allegations in this paragraph.

**115.**     Defendants deny the allegations in this paragraph.

**116.**     Defendants deny that Plaintiff and the putative class are entitled to relief; otherwise Defendants deny having knowledge or information sufficient to form a belief as to truthfulness of the allegations in this paragraph, and on that basis, deny same.

**FOURTH CLAIM FOR RELIEF**
**(INDIVIDUAL AND CLASS CLAIMS)**
**(NEGLIGENCE)**

117.     Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

118.     Defendants admit that Plaintiff has asserted such claims, but denies the merits thereof.

119.     Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required.

120.     Defendants deny the allegations in this paragraph.

121.     Defendants deny the allegations in this paragraph.

**FIFTH CLAIM FOR RELIEF**
**(DERIVATIVE CLAIM)**
**(CIVIL RICO, 18 U.S.C. § 1962(C))**

122.     Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

123.     Defendants admit that Plaintiff has asserted such claims, but denies the merits thereof.

124.     Defendants deny the allegations in this paragraph.

**SIXTH CLAIM FOR RELIEF**
**(DERIVATIVE CLAIM)**
**(CIVIL RICO, 18 U.S.C. § 1962(D))**

125.     Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

126.     Defendants admit that Plaintiff has asserted such claims, but denies the merits thereof.

127.     Defendants deny the allegations in this paragraph.

**SEVENTH CLAIM FOR RELIEF**
**(DERIVATIVE CLAIM)**
**(BREACH OF FIDUCIARY DUTY)**

128.    Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

129.    Defendants admit that Plaintiff has asserted such claims, but denies the merits thereof.

130.    Defendants deny the allegations in this paragraph.

131.    Defendants deny the allegations in this paragraph.

**EIGHTH CLAIM FOR RELIEF**
**(DERIVATIVE CLAIM)**
**(NEGLIGENCE)**

132.    Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

133.    Defendants admit that Plaintiff has asserted such claims, but denies the merits thereof.

134.    Defendants deny the allegations in this paragraph.

**NINTH CLAIM FOR RELIEF**
**(DERIVATIVE CLAIM)**
**(WASTE)**

135.    Defendants repeat and reallege their responses to the above paragraphs as if fully set forth herein.

136.    Defendants admit that Plaintiff has asserted such claims, but denies the merits thereof.

137.    Defendants state that this paragraph consists solely of legal conclusions to which no responsive pleading is required.

138.    Defendants deny the allegations in this paragraph.

139.     Defendants deny the allegations in this paragraph

140.     Defendants deny all allegations not expressly admitted above.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

141.     Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

142.     Plaintiff's claims are barred, in whole or in part, because of the running of applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

#### (Personal Jurisdiction)

143.     Plaintiff's claims are barred in whole or in part because Defendants are not subject to personal jurisdiction in the state of New York.

### FOURTH AFFIRMATIVE DEFENSE

#### (Intervening Cause)

144.     Any alleged damages suffered on the part of Plaintiffs were a direct and proximate result of a superseding intervening cause on the part of third parties and/or the Plaintiff, such that the intervening superseding cause bars any recovery by Plaintiff against these answering Defendants.

### FIFTH AFFIRMATIVE DEFENSE

#### (Laches)

145.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

**146.**    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

**147.**    Plaintiff's claims are barred because this Court does not have subject matter jurisdiction over the claims set forth in the complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (RICO Enterprise)

**148.**    Plaintiff's RICO claims are barred because the complaint has failed to properly allege a RICO enterprise, as required by law.

## NINTH AFFIRMATIVE DEFENSE

### (Causation)

**149.**    Plaintiff's claims are barred because plaintiff has not properly alleged proximate causation, a requirement for each claim set forth in the complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Demand)

**150.**    Plaintiff's derivative claims are barred in whole or in part because plaintiff did not first serve a demand on the board of directors for the Nominal Defendant demanding that it pursue these claims, and plaintiff has not appropriately alleged demand futility in accordance with applicable legal requirements.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Racketeering)

151.    Plaintiff's RICO claims are barred because the complaint has failed to properly allege racketeering, as required by law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Class Action and Derivative Action)

152.    Plaintiff's claims are barred insofar as a complaint may not properly allege both class action allegations and derivative allegations, as the two are contradictory and cannot be brought together.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Continuous Pattern of Racketeering)

153.    Plaintiff's RICO claims are barred in whole or in part because plaintiff has not properly alleged a continuous pattern of racketeering, as required by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Predicate Act)

154.    Plaintiff's RICO claims are barred in whole or in part because plaintiff has not properly alleged a predicate act under RICO, as required by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

155.    Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

156.    Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Legal Businesses)

**157.** Plaintiff's RICO claims are barred because the companies in which the Nominal Defendant invested, at the time the investments were made, operated legally in the states in which they conducted business; therefore the investments in those companies cannot form the basis for a violation under 18 U.S.C. Section 1955.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Due Diligence)

**158.** Plaintiff's claims are barred in whole or in part because Defendants performed due diligence to the extent required by applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

**159.** Plaintiff's claims are barred in whole or in part because the Defendants, at all times, acted in good faith.

Wherefore, Defendants deny that Plaintiff is entitled to recover any damages or obtain any relief requested in  the Prayer for Relief and deny that Plaintiff is entitled to a Jury Trial.

## PRAYER FOR RELIEF

Defendants demand judgment as follows:

1.      Dismissing Plaintiff's claims in their entirety;

2.      Awarding Defendants attorney's fees and costs incurred in connection with this action; and

3.      Awarding such further relief as this Court deems just and proper.


Dated: June 25, 2009                   Respectfully submitted,

                                       SUTHERLAND ASBILL & BRENNAN LLP


                                       By:  /s/ David P. Langlois
                                       _____
                                            David P. Langlois (DL 2319)
                                            SUTHERLAND ASBILL & BRENNAN LLP
                                            1114 Avenue of the Americas
                                            40th Floor
                                            New York, New York 10036-7703
                                            Phone:  212-389-5000
                                            Fax:  212-389-5099
                                            Email:  david.langlois@sutherland.com

                                            Marguerite C. Bateman (Admission pro hac vice pending)
                                            Steuart H. Thomsen (Admission pro hac vice pending)
                                            SUTHERLAND ASBILL & BRENNAN LLP
                                            1275 Pennsylvania Avenue, NW
                                            Washington, DC 20004
                                            Phone: 202-383-0100
                                            Fax: 202-637-3593
                                            Email: marguerite.bateman@sutherland.com
                                                   steuart.thomsen@sutherland.com

                                            *Attorneys for Defendants Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, M. Jeannine Strandjord, Timothy S. Webster, and Nominal Defendant American Century Mutual Funds, Inc., doing business as American Century Ultra Fund*