## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA SEIDL, individually, derivatively and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>  vs.<br><br>AMERICAN CENTURY COMPANIES, INC., AMERICAN CENTURY INVESTMENT MANAGEMENT, INC., JAMES E. STOWERS, JR., JAMES E. STOWERS, III, JONATHAN S. THOMAS, THOMAS A. BROWN, ANDREA C. HALL, DONALD H. PRATT, GALE A. SAYERS, M. JEANNINE STRANDJORD, TIMOTHY S. WEBSTER, WILLIAM M. LYONS, MARK MALLON, WADE SLOME, BRUCE WIMBERLY and JERRY SULLIVAN,<br><br>                   Defendants.<br><br>   and<br><br>AMERICAN CENTURY MUTUAL FUNDS, INC., doing business as AMERICAN CENTURY ULTRA FUND,<br><br>                 Nominal Defendant. | INDEX No. 08-CV-8857 (DLC)<br>ECF Case |

**FUND AND INDEPENDENT DIRECTORS' REPLY MEMORANDUM
OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S
<u>SECOND AMENDED VERIFIED DERIVATIVE AND CLASS ACTION COMPLAINT</u>**

8923119.4

# **TABLE OF CONTENTS**

Page

ARGUMENT ............................................................................................................................1

    A.    The Second Amended Complaint's Speculative and Conclusory Allegations Fail to State a Cause of Action Against the Independent Directors ...................................................................................................................1

        1.    Plaintiff's Allegations Relating To The Independent Directors' Membership On The Fund Performance Review Committee Are Conclusory And Need Not Be Considered As Fact ....................................2

        2.    An Independent Director's Role As A "Watchdog" Does Not Plausibly State A Claim For Relief Arising From Individual Investment Decisions ..............................................................................4

        3.    The Group Pleading Doctrine Does Not Apply ........................................5

    B.    Plaintiff has Failed to Plead Futility of Demand with Sufficient Particularity ..............................................................................................................5

        1.    The Strict Demand Requirement Set Forth In *Werbowsky* Applies Here ..........................................................................................................5

        2.    The Duties Owed By The Independent Directors To Other Fund Portfolios Does Not Establish Futility Under *Werbowsky* ........................6

        3.    Plaintiff's Attempts To Distinguish The Weight Of Authority Are Unavailing .................................................................................................8

        4.    Maryland Law Does Not Recognize an Additional Exception for Potential Liability ..................................................................................9

        5.    The Independent Directors' Responsive Pleadings Do Not Excuse Demand ..................................................................................................10

        6.    The Second Amended Complaint Fails To Allege Irreparable Harm Under *Werbowsky* ................................................................................13

CONCLUSION ......................................................................................................................13

8923119.4

# **TABLE OF AUTHORITIES**

Page

## CASES

*Adelphia Recovery Trust v. Bank of America, N.A.*, 624 F. Supp. 2d 294 (S.D.N.Y. 2009) ............5

*In re American Int'l Group, Inc.*, 965 A.2d 763 (Del. Ch. 2009) ..................................................12

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .................................................................................2, 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................1

*Booth v. Robinson*, 55 Md. 419 (Md. 1881) .....................................................................................8

*Brody v. Chemical Bank*, 517 F.2d 932 (2d Cir. 1982) ..................................................................12

*Caston v. Hoaglin*, No. 2:08-cv200, 2009 WL 3078214 (S.D. Ohio Sept. 23, 2009) .....................9

*In re Comverse Technology, Inc.*, 866 N.Y.S.2d 10 (N.Y. App. Div. 2008) .................................12

*Daily Income Fund, Inc. v. Fox*, 464 U.S. 523 (1984) .....................................................................6

*Felker v. Anderson*, No. 04-0372-CV, 2005 WL 602974 (W.D. Mo. Feb. 11, 2005) ....................9

*In re Franklin Mutual Funds Fee Litig.*, 388 F. Supp. 2d 451 (D.N.J. 2005) ..............................6, 8

*Jones v. Harris*, 537 F.3d 728 (7th Cir. 2008) ................................................................................6

*Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90 (1991) ................................................................11

*Lanza v. Drexel & Co.*, 479 F.2d 1277 (2d Cir. 1973) .................................................................3, 4

*Lewis v. Graves*, 701 F.2d 245 (2d Cir. 1983) ...............................................................................11

*McBrearty v. Vanguard Group, Inc.*, No. 09-1445-cv, 2009 WL 4019799 (2d Cir. Nov. 23, 2009), *petition for rehearing en banc denied* .............................................................................7

*Mona v. Mona Elec. Group, Inc.*, 934 A.2d 450 (Md. Ct. Spec. App. 2007) ................................12

*Parish v. Maryland & Virginia Milk Producers Ass'n, Inc.*, 242 A.2d 512 (Md. 1968) ...............10

*Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184 (2d Cir. 2003) .................................7

*Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133 (2d Cir. 2004) ..................................................6, 9

*Spiegel v. Buntrock*, 571 A.2d 767 (Del. 1990) .............................................................................12

*Weiss v. Temporary Inv. Fund, Inc.*, 516 F. Supp. 665 (D. Del. 1981) .........................................11

# TABLE OF AUTHORITIES
## (Continued)

Page

*Werbowsky v. Collomb*, 766 A.2d 123 (Md. 2001) ................................................................ *passim*

*Wilken Square, LLP v. W.C. Pinkard & Co., Inc.*, No. 707, 2009 WL 4162004 (Md. Ct. Spec. App. Nov. 30, 2009)..................................................................................................8

### RULES & STATUTES

15 U.S.C. § 1955....................................................................................................................10

Fed. R. Civ. P. 9(b) ..................................................................................................................3

Fed. R. Civ. P. 23.1(b)(3)....................................................................................................5, 11

Fed. R. Civ. P. 8(a)(2) ..............................................................................................................1

15 U.S.C. § 78j(b)....................................................................................................................3

8923119.4

Defendants Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, M. Jeannine Strandjord, and Timothy S. Webster (the "Independent Directors") and nominal defendant American Century Mutual Funds, Inc., doing business as American Century Ultra Fund ("Ultra Fund" and collectively, "Defendants"), respectfully submit this Reply Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Second Amended Verified Derivative and Class Action Complaint. The claims against Defendants should also be dismissed for the reasons set forth in the other defendants' reply, which are incorporated by reference. For the reasons presented in the motions and reply briefs, Defendants' Motion to Dismiss should be granted.

## ARGUMENT

### A. The Second Amended Complaint's Speculative and Conclusory Allegations Fail to State a Cause of Action Against the Independent Directors

To state a claim for relief under the pleading requirements established by Rule 8(a)(2), "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff's Second Amended Complaint thus can survive a motion to dismiss for failure to state a claim only if it provides "allegations plausibly suggesting (*not merely consistent with*)" the Independent Directors' involvement in the alleged scheme to violate federal laws. *Id.* at 557 (emphasis added). The Second Amended Complaint alleges facts that at most would be merely consistent with the possibility that the Independent Directors "knowingly developed, implemented, and continued (or conspired to develop, implement, and continue) an investment strategy" which violated federal criminal laws – it does not plausibly suggest such conduct. The arguments presented in Plaintiff's opposition only underscore the conclusory nature of the critical allegations made in the Second Amended Complaint. Because those conclusory

1

allegations need not be considered and because "the [remaining] well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," Plaintiff's Second Amended Complaint should be dismissed. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

> 1. Plaintiff's Allegations Relating To The Independent Directors' Membership On The Fund Performance Review Committee Are Conclusory And Need Not Be Considered As Fact

The central allegation to Plaintiff's claim that the Independent Directors were directly involved in "securities selection," Memo. in Opp. 28, is a general description of the responsibilities of the Fund Performance Review Committee found in a Statement of Additional Information filed by ACMF. Although the Second Amended Complaint never alleges what information the Independent Directors received, or even what information was generally considered in connection with their membership on the committee, Plaintiff argues that the Court can reasonably infer from the SAI that the Independent Directors received reports "discuss[ing] the nature and primary risks associated with a $75 million" purchase of PartyGaming shares. Memo. in Opp. 28. However, as explained in the Independent Directors' Motion and below, Plaintiff's allegations need not be considered by the Court.

Although a court must consider well-pleaded facts as true when considering a motion to dismiss, the Supreme Court recently clarified that "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Iqbal*, 129 S. Ct. at 1954. The factual context established through the Second Amended Complaint and the documents referenced therein only underscores the conclusory nature of Plaintiff's allegations. In her opposition, Plaintiff argues that the size of the Ultra Fund's investment in PartyGaming shares creates a reasonable inference that the Independent Directors were directly involved in the selection and purchase of the shares. But the same Form N-Q indicating that the Ultra Fund held

2

$72 million in shares of PartyGaming on July 31, 2005, also indicates that the value of those shares represented only 0.325% of the Ultra Fund's overall common stock portfolio. Form N-Q, American Century Mutual Funds, Inc., filed Sept. 26, 2005, *available at* http://www.sec.gov/Archives/edgar/data/100334/000010033405000027/n-q.htm.[1] Placed within context, Plaintiff's arguments do not create a plausible inference that that the Independent Directors received at quarterly meetings a detailed report discussing the "nature and primary risks associated with" a purchase of PartyGaming shares, representing less than one-three hundredths of the fund's holdings.

Acknowledging that the Second Amended Complaint does not actually contain any *factual* allegation regarding the Independent Directors' involvement in selecting securities, Plaintiff simultaneously argues that the Independent Directors, who were knowingly and directly involved in "securities selection," also were reckless in not knowing the nature of the Ultra Fund's investments. But Plaintiff's citation to *Lanza v. Drexel & Co.*, 479 F.2d 1277 (2d Cir. 1973), as support for her argument is unpersuasive. First, the Second Circuit considered only the liability of directors under Section 10(b) of the Securities Exchange Act, 15 U.S.C. §78j(b), a claim sounding in fraud and applying a different standard of pleading. *See* Fed. R. Civ. P. 9(b). In addition, because *Lanza* considered the liability of directors in the context of disclosures, it provides no guidance with respect to the Independent Directors' alleged recklessness in reviewing or failing to review individual investment decisions. Finally, to the extent that any principles of director responsibility can be gleaned from the opinion, *Lanza* contradicts Plaintiff's central premise. For example, the Second Circuit stated:

---

[1] The Second Amended Complaint specifically references ACMF's Form N-Q. *See* Sec. Am. Complaint ¶ 52.

> [N]either the language nor the intent of Section 10(b) or Rule 10b-5 would justify a holding (1) that a director is an insurer of the honesty of individual officers of the corporation in their negotiations which involve the purchase or sale of the corporation's stock or (2) that, although he does not conduct the negotiations, participate therein, or have knowledge thereof, he is under a duty to investigate each such transaction and to inquire as to what representations have been made, by whom and to whom, and then independently check on the truth or falsity of every statement made and document presented.

*Lanza*, 479 F.2d at 1281. The SEC also observed in the same case that "directors are not normally involved in the day-to-day conduct of the company's affairs. . . . Directors have a right to rely on the officers of the corporation to perform their functions in a lawful manner." *Id.* at 1306 (citation omitted).

2.  An Independent Director's Role As A "Watchdog" Does Not Plausibly State A Claim For Relief Arising From Individual Investment Decisions

Plaintiff also argues that the role of the Independent Directors as "watchdogs" provides further factual context and thus plausible grounds for the court to infer the Independent Directors' direct involvement in the challenged investment decisions. Plaintiff's argument is fundamentally misguided because her reference to a mutual fund director's "legal responsibility to monitor the fund investment adviser's trading practices" is not a factual allegation – it is a legal argument masquerading as fact. Sec. Am. Complaint ¶ 125. Plaintiff's exhortations to the Court to expand the scope of a mutual fund director's role, without citing any authority supporting her position, is further evidence of the legal nature of Plaintiff's allegations. Thus, the Court need not consider the alleged "watchdog role" of mutual fund directors in determining whether the Second Amended Complaint states a claim for relief. *Iqbal*, 129 S. Ct. at 1949 ("[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Even if the Court considered the scope of the Independent Directors' duties as a well-pleaded fact, the Supreme Court and the Second Circuit have

4

8923119.4

explained that the "watchdog role" principally involves oversight of conflicts of interest, not day-to-day involvement in management. *See* Memo. in Support 6-8.

3. The Group Pleading Doctrine Does Not Apply

Finally, Plaintiff argues that because "the claims involve facts solely within the defendants' knowledge, group pleading is allowed." Memo. in Opp. 30. However, Plaintiff cannot avail herself of any presumption permitted under the group pleading doctrine. In the Second Circuit, "[t]he group pleading doctrine is an exception to the requirement that the fraudulent acts of each defendant be identified separately in the complaint [and permits defendants to be] pled together where, prospectuses, registration statements, annual reports, press releases, or other group-published information, are the collective work of those individuals with direct involvement in the everyday business of the company." *Adelphia Recovery Trust v. Bank of America, N.A.*, 624 F. Supp. 2d 294, 316 (S.D.N.Y. 2009) (internal citations and quotation marks omitted). Here, Plaintiff is not alleging securities fraud or any liability by the Independent Directors for any of ACMF's public statements; moreover, the Independent Directors are not involved in the everyday business of the Fund.

**B.   Plaintiff has Failed to Plead Futility of Demand with Sufficient Particularity**

1. The Strict Demand Requirement Set Forth In *Werbowsky* Applies Here

Plaintiff's Second Amended Complaint, even if it did state a claim against the Independent Directors, fails to "state with particularity … the reasons for not obtaining the action or making [a demand on the directors]." Fed. R. Civ. P. 23.1(b)(3). Because the clear weight of authority refutes her position, Plaintiff requests that the Court "apply [*Werbowsky v. Collomb*, 766 A.2d 123 (Md. 2001),] with less solicitude for *mutual fund* board discretion than it would in a case involving a normal corporation." Memo. in Opp. 31 (emphasis in original). In support of

her request, Plaintiff cites *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523 (1984), for the proposition that "courts should *not* require a mutual fund investor to make a prior demand on the board of directors for ICA § 36(b) claims, even though such an action is derivative in nature." Memo. in Opp. 31 (emphasis in original). Plaintiff's characterization of *Daily Income Fund* is misleading. The Supreme Court held demand was not required, not because of any specific characteristic of mutual fund operation, but because ICA § 36(b) claims are *not* derivative in nature. *Daily Income Fund*, 464 U.S. at 542 (concluding that because ICA § 36(b) claims cannot be brought by a corporation, the requirements imposed by a rule relating to actions brought in the corporation's name does not apply). Plaintiff's citation to a dissenting opinion in the denial of rehearing *en banc* in *Jones v. Harris*, 537 F.3d 728 (7th Cir. 2008), also is unpersuasive, as it does not discuss the demand requirement at all. In contrast to Plaintiff's irrelevant authorities, the Second Circuit has stated that "*Werbowsky* sets forth at length Maryland's standards for determining whether demand on a corporation's directors is excused. We see no reason to believe that Maryland would depart from those standards in the case of a registered investment company. … We accordingly view the *Werbowsky* framework as governing and will use it to review the district court's determination that the Complaint fails to plead adequately that demand was excused by reason of futility." *Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133, 140 (2d Cir. 2004).[2]

2. The Duties Owed By The Independent Directors To Other Fund Portfolios Does Not Establish Futility Under *Werbowsky*

Plaintiff argues that demand is excused as futile because the Independent Directors have fiduciary duties to the shareholders of AMCF's other portfolio funds, and that these duties

---

[2] *In re Franklin Mutual Funds Fee Litig.*, 388 F. Supp. 2d 451 (D.N.J. 2005), also applied *Werbowsky*, and no less strictly, to mutual fund demand.

prevent them from "respond[ing] to a demand in good faith and within the ambit of the business judgment rule." *Werbowsky*, 766 A.2d at 144. Considering Plaintiff's request that the Court not apply *Werbowsky* strictly, it is unsurprising that Plaintiff's argument is deficient in several respects.

First, the Second Amended Complaint alleges that "ACIM would be liable to forfeit an amount equal to three times all of the fees it has received ... from the time that Defendants first caused ACMF to purchase shares in illegal gambling businesses." Sec. Am. Complaint ¶ 180. However, Plaintiff acknowledges that the Second Circuit's opinion in *McBrearty v. Vanguard Group, Inc.*, No. 09-1445-cv, 2009 WL 4019799 (2d Cir. Nov. 23, 2009), *petition for rehearing en banc denied*, renders this argument irrelevant. Memo. in Opp. 36. Plaintiff thus argues in her opposition that the fees paid "from the time that Defendants first breached their fiduciary duties to Plaintiff are subject to forfeiture in this action." Memo. in Opp. 34 (citing *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184 (2d Cir. 2003)). However, again Plaintiff's allegation is a legal conclusion disguised as fact. Even if a breach were established, whether and how the Court might apply New York's "faithless servant doctrine" to the facts here and in the manner requested by Plaintiff requires substantive legal analysis, and should not be considered in the Court's analysis of whether Plaintiff has alleged with particularity the reasons why demand was futile.

Second, Plaintiff argues that a successful action against ACIM, relating to an investment constituting 0.325% of the Ultra Fund's portfolio, would cause alleged "subsidies" to the other portfolio funds to cease. Memo. in Opp. 32-36. However, Plaintiff has not alleged how obtaining recovery from ACIM would cripple the ability of ACIM to operate, particularly where

7

such recovery relates to such a small percentage of the Ultra Fund's portfolio, or cause any alleged "subsidies" to cease.

Finally, in addition to relying upon implausible and conflicting allegations, the authorities cited by Plaintiff also are irrelevant and unpersuasive. The cases cited by Plaintiff, only one of which involved a derivative action, *Booth v. Robinson*, 55 Md. 419 (Md. 1881), establish only that conflicts of interest may arise when one party represents two directly adverse entities to a transaction. *E.g.*, *Wilken Square, LLP v. W.C. Pinkard & Co., Inc.*, No. 707, 2009 WL 4162004 (Md. Ct. Spec. App. Nov. 30, 2009) ("Absent the knowing consent of the parties to a real estate transaction, the broker's fiduciary relationship with his client precludes a 'dual agency,' that is, the same broker representing both sides in the transaction. This is so because, ordinarily, the interests of the parties on the two sides of such a transaction are *diametrically opposed*.") (emphasis added). Therefore, these cases are inapposite.

3.   Plaintiff's Attempts To Distinguish The Weight Of Authority Are Unavailing

Plaintiff vainly seeks to characterize the facts presented here as fundamentally different from other cases analyzing the futility of demand upon directors where shareholders seek to bring an action against an investment advisor of numerous mutual funds on whose boards the directors sit. Plaintiff argues that the cases cited in the Independent Directors' memo "have no relevance to Plaintiff's allegations," despite those courts having considered nearly identical facts. Memo. in Opp. 39. For example, one court held that demand was not excused where plaintiffs alleged "that the directors (1) were appointed by the investment advisors, (2) *served on multiple boards* [of funds managed by the same advisor], and (3) received substantial compensation." *In re Franklin Mut. Funds Litig.*, 388 F. Supp. 2d 451, 470 (D.N.J. 2005) (applying *Werbowsky*) (emphasis added). In addition, the *In re Franklin Mutual Funds* plaintiffs alleged that the

8

directors were directly involved in the wrongdoing. *Id.* Thus, the distinctions drawn by Plaintiff are inconsequential.

Most tellingly, Plaintiff's opposition cites no authority applying Maryland law, or any other jurisdiction's law, to find that independent directors of a mutual fund are so personally and directly conflicted so as not to be able consider within their business judgment whether to file an action against an investment advisor because they owe duties to other funds managed by the same investment advisor. Adopting Plaintiff's position would dramatically expand the "very limited exception" to include any action against an entity which had a relationship with more than one mutual fund.

    4.    Maryland Law Does Not Recognize an Additional Exception for Potential Liability

Plaintiff further seeks to revise the *Werbowsky* demand futility test by adding an exception for potential liability—an exception discussed in Delaware case law but not Maryland case law. No case applying Maryland law has expanded *Werbowsky* to include this additional exception, which is unsurprising because "the futility exception is a narrow one." *Scalisi*, 380 F.3d at 140. Even the cases cited by Plaintiff do not support her position. The principal consideration in each case with regard to the directors' conflict was not the potential for civil or criminal liability, it was the direct involvement of the directors in the alleged misconduct. Furthermore, the value of those cases is questionable. *Felker v. Anderson*, No. 04-0372-CV, 2005 WL 602974 (W.D. Mo. Feb. 11, 2005), has been criticized by each court considering its rationale. *See, e.g., Caston v. Hoaglin*, No. 2:08-cv200, 2009 WL 3078214, at *7 (S.D. Ohio Sept. 23, 2009) ("Although it remains open that similarly plead facts may satisfy the demand-futility exception under Maryland law, to the extent that *Felker* may conflict with the Maryland Court of Appeals' holding in *Werbowsky*, this Court, like the other courts that have considered

9

*Werbowsky*, finds it to be unpersuasive."). The other case, *Parish v. Maryland & Virginia Milk Producers Ass'n, Inc.*, 242 A.2d 512 (Md. 1968), was decided over thirty years before *Werbowsky*, in which the Court of Appeals observed that "the trend since then has been to enforce more strictly the requirement of pre-suit demand and at least to circumscribe, if not effectively eliminate, the futility exception." *Werbowsky*, 766 A.2d at 137.

Even if potential liability were a recognized exception to the demand requirement, Plaintiff's assertion that the Independent Directors "face a substantial risk of criminal liability" simply is untrue. Memo. in Opp. 40. Neither the Second Amended Complaint nor Plaintiff's Opposition cites any case, or even any news article, suggesting that any person or entity has been, or will be, charged with violating 15 U.S.C. § 1955 for purchasing shares traded on an established stock exchange of a company for which part of its business was later found to be illegal. Plaintiff argues that facts might be uncovered through this litigation, Memo. in Opp. 44, but ignores the reality that the government has yet to charge a single person or mutual fund, whose ownership of shares of gambling companies are disclosed quarterly, for merely purchasing shares of PartyGaming. If, as Plaintiff alleges, 15 U.S.C. § 1955 is violated whenever a person purchases shares, prosecutors would need only a list of shareholders; no other facts need be developed or discovered.

5.   The Independent Directors' Responsive Pleadings Do Not Excuse Demand

Plaintiff argues that because that the Independent Directors have answered the charges of liability she leveled against them, they "are so committed to the position that the claims should not be pursued" such that pre-suit demand would have been futile. Initially, Plaintiff's arguments evidence a misunderstanding of the law. Whether the directors of a corporation might choose not to bring an action is not relevant to determining the futility of demand. Indeed, "[t]he

purpose of the demand requirement is to affor[d] the directors an opportunity to exercise their reasonable business judgment and *waive a legal right vested in the corporation* in the belief that its best interests will be promoted by not insisting on such right." *Werbowsky*, 766 A.2d at 134 (citing *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 95-97 (1991)) (internal quotation marks omitted and emphasis added). Thus, as the Supreme Court and the Maryland Court of Appeals explain, it may be in the best interests of the corporation not to bring the action requested by the shareholder. Accordingly, even if directors do not immediately adopt Plaintiff's allegations and claims in pleadings responsive to an initial complaint, such a response is not a *per se* violation of business judgment as Plaintiff would have it.

As discussed in the Independent Directors' Motion, no court applying Maryland law has addressed whether responsive pleadings establish futility, and other courts considering the question have opined that demand futility should be determined at the time the complaint is filed.[3] Notably, none of the authorities cited by Plaintiff suggest otherwise. First, the two cases cited by Plaintiff as establishing the "operative date" for determining demand futility addressed only whether the board in place at the time of the first complaint or the board in place at the time of the amended complaint should consider the demand. These cases found that, because the purpose of the demand requirement "is to give the derivative corporation itself the opportunity to take over a suit which was brought on its behalf in the first place, and thus allow the directors the chance to occupy their normal status as conductors of the corporation's affairs," it was illogical

---

[3] Plaintiff argues that "[i]t is simply unclear what the Court [in *Lewis v. Graves*, 701 F.2d 245 (2d Cir. 1983)] would have done if presented with post-complaint events that actually tended to prove that demand would have been futile." Memo. in Opp. 51. However, the Second Circuit squarely answered that question: "Moreover, since the futility of making the demand required by Rule 23.1 must be gauged at the time the derivative action is commenced, not afterward with the benefit of hindsight, these post-complaint events *are not relevant*." *Lewis*, 701 F.2d at 250 (internal quotation marks omitted and emphasis added). Furthermore, contrary to Plaintiff's implication, Memo. in Opp. 51, *Weiss v. Temporary Inv. Fund, Inc.*, 516 F. Supp. 665 (D. Del. 1981), was reversed on other grounds unrelated to the sufficiency of pleading under Rule 23.1.

11

8923119.4

to require demand upon former directors who could no longer conduct the corporation's affairs. *Brody v. Chemical Bank*, 517 F.2d 932, 933 (2d Cir. 1982). Second, Plaintiff's argument that unless all defendants agree with Plaintiff's allegations in a responsive pleading, they are *per se* "so personally and directly conflicted," is not supported by the authority cited by Plaintiff.[4] In *In re American Int'l Group, Inc.*, 965 A.2d 763 (Del. Ch. 2009), the court rejected the arguments by certain individual defendants that demand was not excused where a special litigation committee appointed by the board of directors had already considered demand and had decided to bring certain claims and reject others. These circumstances are entirely distinguishable from the filing of responsive pleadings. Similarly, the court in *Spiegel v. Buntrock*, 571 A.2d 767 (Del. 1990), concluded that, under Delaware law, making a demand renders moot any argument regarding demand futility. Plaintiff's citation to *In re Comverse Technology, Inc.*, 866 N.Y.S.2d 10 (N.Y. App. Div. 2008), is even less relevant still, because the special litigation committee was created *before* the suit was commenced.

Finally, adopting Plaintiff's argument would undermine the purpose of the demand requirement. Plaintiff's position is that, if defendants to a derivative action file a responsive pleading that does not agree with the allegations of the initial complaint, all plaintiff needs to do is to file an amended complaint to establish demand futility. Moreover, Plaintiff is of the view that she can keep adding in each amended complaint even more allegations that were never presented to the directors by way of demand prior to the litigation. Plaintiff's proposed approach would make a mockery of the strictly applied demand requirement. Because the "exercise of the corporate power to institute litigation and the control of any litigation to which the corporation

---

[4] Plaintiff's citation to *Mona v. Mona Elec. Group, Inc.*, 934 A.2d 450 (Md. Ct. Spec. App. 2007), is incorrect, as the plaintiff there did not make any demand subsequent to filing of his initial complaint.

12

8923119.4

becomes a party rests with the directors," Plaintiff's argument must be rejected. *Werbowsky*, 766 A.2d at 133.

      6.      **The Second Amended Complaint Fails To Allege Irreparable Harm Under** ***Werbowsky***

Plaintiff's Opposition also argues that the Second Amended Complaint has satisfied the first prong of the *Werbowsky* test, that a demand or a delay in responding to a demand would cause irreparable harm to ACMF. The crux of Plaintiff's argument is that the Second Amended Complaint "alleges irreparable harm from losing forever the ability to recover money damages." Memo. in Opp. 53. However, because the demand requirement exists to allow directors the ability to decide whether to proceed with even meritorious claims, directors may exercise their reasonable business judgment and decide whether to speak or to forego recovery of money damages. If a shareholder can establish with particularity the existence of irreparable harm under *Werbowsky* and avoid making a demand by simply asserting the possibility of the directors choosing not to bring a suit, the demand requirement would be rendered meaningless. Furthermore, Plaintiff does not satisfactorily explain how making a demand, even if refused, would have irreparably harmed ACMF when the appropriateness of any refusal "can be reviewed by a court under the business judgment rule standard." *Werbowsky*, 766 A.2d at 144.

## CONCLUSION

For the reasons set forth above and in their initial memorandum in support of the Motion to Dismiss, the Fund and the Independent Directors respectfully request that the Court grant their Motion and dismiss Plaintiff's Second Amended Complaint with prejudice.

8923119.4

Dated: February 19, 2010

/s/ David P. Langlois
David P. Langlois (DL 2319)
SUTHERLAND ASBILL & BRENNAN LLP
1114 Avenue of the Americas
40th Floor
New York, New York 10036-7703
Phone: 212-389-5000
Fax: 212-389-5099
Email: david.langlois@sutherland.com

Marguerite C. Bateman *
Steuart H. Thomsen*
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: 202-383-0100
Fax: 202-637-3593
Email: marguerite.bateman@sutherland.com
         steuart.thomsen@sutherland.com
(*Admitted Pro Hac Vice)

*Attorneys for Defendants Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, M. Jeannine Strandjord, and Timothy S. Webster, and nominal defendant American Century Mutual Funds, Inc., doing business as American Century Ultra Fund*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA SEIDL, individually, derivatively and on behalf of all others similarly situated,<br>        Plaintiff,<br>vs.<br>AMERICAN CENTURY COMPANIES, INC., AMERICAN CENTURY INVESTMENT MANAGEMENT, INC., JAMES E. STOWERS, JR., JAMES E. STOWERS, III, JONATHAN S. THOMAS, THOMAS A. BROWN, ANDREA C. HALL, DONALD H. PRATT, GALE A. SAYERS, M. JEANNINE STRANDJORD, TIMOTHY S. WEBSTER, WILLIAM M. LYONS, MARK MALLON, WADE SLOME, BRUCE WIMBERLY and JERRY SULLIVAN,<br>        Defendants.<br><br>        and<br><br>AMERICAN CENTURY MUTUAL FUNDS, INC., doing business as AMERICAN CENTURY ULTRA FUND,<br><br>Nominal Defendant. | INDEX No. 08-CV-8857 (DLC)<br>ECF Case<br><br>**CERTIFICATE OF SERVICE** |

      The undersigned hereby certifies that a true and correct copy of the foregoing Reply Memorandum of Law in Support of Motion to Dismiss Plaintiff's Second Amended Verified Derivative and Class Action Complaint behalf of Defendants Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, M. Jeannine Strandjord, Timothy S. Webster, and Nominal Defendant American Century Mutual Funds, Inc., doing business as American Century Ultra Fund, was served on Februaryr 19, 2010 upon the following via electronic mail (email):

Gregory P. Erthal, Esq.
Rosalind M. Robertson, Esq.
**Simmons Cooper, LLC**
707 Berkshire Blvd., P.O. Box 521
East Alton, IL 62024
gerthal@simmonscooper.com
rrobertson@simmonscooper.com

8964506.1

Thomas I. Sheridan, III, Esq.
**Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP**
112 Madison Avenue
New York, NY 10016
tsheridan@hanlyconroy.com
abierstein@hanlyconroy.com


Gordon C. Atkinson, Esq.
Benjamin Kleine, Esq.
**Cooley Godward Kronish, LLP**
1114 Avenue of the Americas
New York, NY  10036-7798
atkinsongc@cooley.com
bkleine@cooley.com

_____
April L. McElwee

8964506.1